IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br>6218 Georgia Avenue, NW, Ste. 1-1235<br>Washington, DC 20011-5125,<br><br>  Plaintiff,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS & EXPLOSIVES<br>99 New York Avenue, N.E.<br>Washington, DC 20226,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 24-917 |

**COMPLAINT**

Plaintiff Functional Government Initiative ("FGI") brings this action against Defendant Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

1

## PARTIES

3. Plaintiff FGI is an unincorporated association of individuals dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government. *See* D.C. Code § 29-1102(5).

4. Defendant ATF is a law enforcement agency within the U.S. Department of Justice, and is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 99 New York Avenue, N.E., Washington, DC 20226. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. FGI routinely submits FOIA requests, and this matter concerns a FOIA request submitted to Defendant on September 14, 2023, to which Defendant has failed to respond. This request sought records relating to the National Integrated Ballistic Information Network ("NIBIN"), which plays a crucial role in investigation of firearm-related crimes, and the records are expected to increase the public's understanding of the ATF's procurement practices.

6. The request sought certain records from the following custodians:

- Katie Eberhardt
- Mike Eberhardt
- Marvin Richardson
- Sharon Buchanan
- Meredith Acosta
- Walt Dandridge
- Jim Ferguson
- George Lauder
- John Duristanti
- Chris Amon
- Rob Cekada

7. From the list of custodians, the request sought emails to, from, or between the following email domains:

- @ultraforensictechnology.com
- @cadre.com
- @EvidenceIQ.com
- @motorolasolutions.com
- @Shotspotter.com

The request also sought emails of the custodians with the following keywords:

- Ultra Forensic Technology
- IBIS
- Brasstrax
- BallisticsIQ (or Ballistics IQ, with a space)
- BIQ
- BallisticSearch (or Ballistic Search, with a space)
- Vigilant Solutions
- Motorola
- EvidenceIQ (or Evidence IQ, with a space)
- EIQ
- Triage
- NIBIN competitor
- NIBIN competition

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to FGI's FOIA requests within 20 working days of each request.

9. Attorney General Merrick Garland stated that the FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government," and that the "'basic purpose … is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the government accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* at 1 (Mar. 15, 2022).

10. With regards to FGI's FOIA request, the statutory deadline has passed, and Defendant has failed to provide a substantive response to the FOIA request. In fact, as of the date of this Complaint, Defendant has produced no records and has failed to assert any claims that responsive records are exempt from production.

11. Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), FGI is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

12. In an email sent September 19, 2023, Defendant acknowledged receipt of the FOIA request and advised FGI that it had assigned the request tracking number 2023-01656. *See* Exhibit B.

13. On November 11, 2023, FGI emailed Defendant requesting an update, but has received no response as of the date of this Complaint.

14. As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

15. Plaintiff realleges paragraphs 1 through 14 as though fully set forth herein.

16. Defendant has failed to make a determination regarding FGI's FOIA request for records within the statutory time limit and is unlawfully withholding records requested by FGI pursuant to 5 U.S.C. § 552.

17. FGI is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and FGI will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Functional Government Initiative requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

    a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to FGI's FOIA request and to demonstrate that it employed

search methods reasonably likely to lead to the discovery of all records responsive to FGI's request;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to FGI's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to FGI's FOIA request;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

Dated: March 29, 2024

   /s/ Jeremiah L. Morgan
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
jmorgan@lawandfreedom.com

*Counsel for Plaintiff*
FUNCTIONAL GOVERNMENT INITIATIVE